UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE WOOD

13 CV 8620

---------------------------------------------------------------X

MAC WILLIAM BISHOP and
CHRISTOPHER CHIVERS,

                    Plaintiffs,

              - against -

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

                    Defendant.

---------------------------------------------------------------X

**COMPLAINT**

RECEIVED DEC 0 4 2013

Plaintiffs MAC WILLIAM BISHOP and CHRISTOPHER CHIVERS, by their undersigned attorneys, allege for this Complaint:

    1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552(a), to order the production of agency records.

    2.    Defendant the United States Department of Homeland Security ("DHS") is a federal agency with responsibility for securing U.S. borders and handling immigration and customs matters.

    3.    Through this action, Plaintiffs seek to compel DHS to release any documents pertaining to them. The documents were properly sought through two FOIA requests, dated June 27, 2013 ("Chivers Request"), and July 10, 2013 ("Bishop Request") (together, "Requests").

    4.    Among other things, Plaintiffs seek records used or created by DHS employees in respect to the questioning of Plaintiffs at JFK Airport earlier this year. Plaintiffs

1

were subject to segregated questioning by DHS employees at JFK on May 24, 2013, as they prepared to board an international flight for a work assignment as journalists. Subsequently, on June 6, 2013, Mr. Bishop was subjected to further segregated questioning by DHS employees at JFK as he returned to the United States.

5. After Plaintiffs filed the Requests with DHS headquarters, DHS then transferred the Requests to its Immigration & Customs Enforcement ("ICE") and Transportation Security Administration ("TSA") units for processing.

6. No documents have been produced in respect to either of the Requests.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

9. Plaintiffs have exhausted all administrative remedies available in regards to the Requests. With respect to the Bishop Request, ICE has denied Mr. Bishop's appeal and upheld the determination that it has no responsive materials. DHS has otherwise failed to respond to the Requests within the time frames set by FOIA, and therefore Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## PARTIES

10. Plaintiffs Mac William Bishop and Christopher Chivers are journalists for *The New York Times*, which is published by The New York Times Company, 620 Eighth Avenue, New York, N.Y.

11. Defendant DHS is an agency of the federal government that has possession and control of the records that Plaintiffs seek. Investigative units within DHS include TSA and ICE. The Customs and Border Protection ("CBP") is also an investigative branch within DHS.

## FACTS

*The Chivers Request*

12. On June 27, 2013, Mr. Chivers filed a request with DHS headquarters requesting all information and records in the possession of DHS concerning him. He included a Privacy Act waiver.

13. On July 3, 2013, DHS stated in a letter that it "cannot conduct an adequate search" because "DHS does not maintain a central index of records about individuals." It requested more information in order to process the Chivers Request.

14. On August 9, 2013, through counsel, Mr. Chivers objected to DHS's position and restated that he was seeking any documents that may be in the control of DHS.

15. On August 22, 2013, DHS notified Mr. Chivers that the agency had transferred his Request to the FOIA officers for TSA and ICE. DHS did not ask CBP to do a search and gave no reason for that decision.

16. To date, neither TSA nor ICE has provided a substantive response to the Chivers Request or produced any documents. However, on November 13, 2013, ICE granted expedited processing after initially being unable to locate the Chivers Request in response to an update inquiry from counsel for Mr. Chivers.

*The Bishop Request*

17. On July 10, 2013, Mr. Bishop filed an identical request with DHS headquarters requesting all information and records in the possession of DHS concerning him. He filed a Privacy Act waiver at the same time.

18. Without any notification to Mr. Bishop, DHS transferred the request to ICE and TSA. There is no indication that DHS requested that CBP also search its records.

19. On September 27, 2013, ICE denied the Bishop Request. ICE reported in a "final response" that the unit had conducted a search and found no responsive documents.

20. On October 28, 2013, Mr. Bishop appealed ICE's denial. In his appeal letter, Mr. Bishop said it was "inconceivable that DHS has no records pertaining to [him]" as someone who is "a frequent international traveler." He pointed out that on June 6, 2013 he had answered questions for DHS employees in a private room at JFK, and those answers were recorded on a computer.

21. On November 18, 2013, ICE denied Mr. Bishop's administrative appeal, finding that the agency had done an adequate search.

22. As for the TSA, that unit of DHS informed Mr. Bishop by letter on July 31, 2013 that his "request was too broad in scope." TSA required more information before processing the request.

23. On August 9, 2013, Mr. Bishop, through counsel, responded by letter. He restated the initial request and asserted that no legal authority supports the proposition that TSA could simply refuse to do the search.

24. More than two months later, on October 23, 2013, TSA told Mr. Bishop's counsel that it could not find the August 9, 2013 letter. Counsel subsequently provided a new copy of the letter and additional information about the June 6, 2013 questioning at JFK.

25. There has been no further response from TSA.

## COUNT I

26. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

27. DHS is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

28. Under 5 U.S.C. § 552(a)(6)(A), DHS was required to provide documents or issue a denial within 20 business days of receiving the Requests.

29. Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

30. Accordingly, Mr. Chivers is deemed to have exhausted his administrative remedies as to the Chivers Request.

31. Similarly, Mr. Bishop is deemed to have exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C), except as to the response to the Bishop Request from ICE.

32. DHS has asserted no lawful basis under FOIA for withholding documents asked for by the Requests.

33. DHS's failure to provide responsive documents violates FOIA.

34. Plaintiffs are entitled to an order compelling DHS to produce documents responsive to the Requests.

## COUNT II

35. Mr. Bishop repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

36. DHS is an agency subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

37. As a partial response on behalf of DHS to the Bishop Request, ICE denied Mr. Bishop's appeal.

38. ICE, like all relevant units of DHS, had a duty to conduct an adequate search of its records in response to the Bishop Request.

39. ICE's search was inadequate, for the reasons set forth in Mr. Bishop's administrative appeal.

40. ICE has no lawful basis under any FOIA exemption for withholding records pertaining to Mr. Bishop, as sought through the Bishop Request.

41. ICE's failure to meet its obligation to undertake an adequate search violates FOIA.

42. Accordingly, Mr. Bishop is entitled to an order compelling the DHS to undertake an adequate search of its records at ICE and produce any responsive documents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Declare that the documents sought by the Requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and 5 U.S.C. § 552(a) and must be disclosed;

b. Order the DHS to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

c. Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

d. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 4, 2013

David E. McCraw
D. Victoria Baranetsky
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccraw@nytimes.com
*Counsels for Plaintiffs*